**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | 1:06-CR-00365-01 LJO |
| **Plaintiff,** | **ORDER RE MOTION TO CORRECT PRESENTENCE REPORT (Doc. 376)** |
| **v.** | |
| **ABDUL MUNIEM MOHAMAD JAWAD,** | |
| **Defendant.** | |

On January 10, 2013, Defendant Abdul Muniem Mohamad Jawad ("Defendant") was convicted after a jury trial of conspiracy to commit bank fraud. Doc. 232. Prior to sentencing, a United States Probation Officer prepared a Presentence Investigation Report ("PSR"), about which Defendant was permitted to raise objections. Defendant was sentenced on September 30, 2013, Doc. 332, and Judgment was entered against him on October 9, 2013. Doc. 334. On July 8, 2014, Defendant filed a motion to correct the PSR to strike language in ¶ 55 which currently reads, "[t]he defendant has no history of alcohol or <u>illicit</u> drug use," (emphasis added by Defendant) and add statements indicating that defendant "had a longstanding dependency on prescription medications." Doc. 376. Defendant did not previously request this correction.

The Court can only entertain a motion to correct a presentence report if such a motion is filed <u>before</u> the imposition of sentence. *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988) (holding Fed. R. Crim. P. 32 allows the defendant to challenge factual inaccuracies in a presentence report "during imposition of the sentence, not later") (emphasis added). Alternatively, a presentence report can

be altered <u>after</u> imposition of sentence if all parties stipulate to the requested changes. The Court informed defense counsel of the latter option, but defense counsel recently informed the Court that the government is unwilling to so stipulate. Accordingly, Defendant's motion to correct his presentence report is DENIED AS UNTIMELY.

IT IS SO ORDERED.

Dated:   **August 7, 2014**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE

2