UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL MUNIEM MOHAMAD JAWAD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:06-CR-00365-LJO-BAM<br><br>**ORDER ON 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** (Doc. 381) |

## I. INTRODUCTION

Abdul Muniem Mohamad Jawad (Petitioner), a prisoner in federal custody, is proceeding pro se with a 28 U.S.C. § 2255 (§ 2255) motion to vacate, set aside, or correct his sentence. For the reasons discussed below, this Court DENIES Petitioner's motion.

## II. BACKGROUND

On January 10, 2013, Petitioner was convicted after a jury trial of conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349. Doc. 334. On September 23, 2013, Petitioner's counsel submitted to this Court a sentencing memorandum, a portion of which disputed the findings of the United States Probation Office's Presentence Report (PSR). Doc. 325. Neither the PSR nor the sentencing memorandum made any mention of Petitioner's history of substance abuse. *Id*. The Government submitted a sentencing memorandum as well. Doc. 328. On September 30, 2013, Petitioner was sentenced to fifty-one months in federal custody and sixty months of conditioned supervised release

during which time this Court suspended mandatory drug testing. Docs. 332 and 334.

On February 12, 2014, Petitioner submitted a letter to this Court requesting that his sentence be reduced based on the fact that he had been willing to plead guilty if his case had been separated from those of his co-defendants. Doc. 374. This Court found that it did not have jurisdiction to modify his sentence under Fed. R. Crim. P. 35(a). Petitioner's letter did not prejudice his right to bring a § 2255 motion. Doc. 373.

On July 8, 2014, proceeding pro se, Petitioner filed a motion to correct language in the PSR that indicated that he did not have a history of alcohol or illicit drug use. Doc. 376. Petitioner represented to this Court in his motion that he had a long history of dependence on prescription medication. *Id*. Petitioner had not previously requested this correction nor mentioned a substance abuse problem to this Court. Petitioner's motion was denied as untimely as motions to correct presentence reports must be filed before the imposition of sentence. Doc. 378 at 1.

Petitioner filed this § 2255 motion to vacate, set aside, or correct his sentence on September 4, 2014. Doc. 381. Petitioner alleges that his Constitutional right to counsel was violated.

### III. DISCUSSION

A. **Collateral Attack of a Conviction or Sentence**

A petitioner can collaterally attack his conviction and sentence under § 2255, which provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioner attacks his sentence on the ground his Sixth Amendment right to counsel was violated when his attorney failed to inform him of the opportunity to participate in the Bureau of Prisons Residential Drug Abuse Program (RDAP) if he admitted to having a substance abuse problem during his PSR

interview. Doc. 381 at 5. Petitioner claims his counsel's assistance was ineffective. *Id*. at 10.

B.     **Ineffective Assistance of Counsel**

The Sixth Amendment right to counsel only extends to critical stages of adversarial proceedings. *Baumann v. United States,* 692 F.2d 565,577 (9th Cir. 1982). Ineffective assistance of counsel errors must be made during a critical stage of the adversarial proceedings for a petitioner to have a valid claim. *United States v. Benlian*, 63 F.3d 824, 827 (9th Cir. 1995). "If the stage [of the adversary proceeding] is not critical, there can be no constitutional violation, no matter how deficient counsel's performance." *Id*. The presentence interview does not constitute a critical stage in the adversary proceedings. *Id*. The Ninth Circuit held that "a routine presentence interview in a non-capital case does not involve an issue which is… critical." *United States v. Leonti*, 326 F.3d 1111, 1120 (9th Cir. 2003).

Petitioner states that his counsel advised him not to mention his history of prescription medication abuse during his presentence interview with the United States Parole Office. Doc. 381. Petitioner contends that this advice has prevented him from participating in RDAP. *Id*. Participants in RDAP may be given a reduction in their sentence. 18 U.S.C. § 3621(e)(2)(B). Petitioner states that his counsel did not inform him of this benefit and therefore his performance was deficient. Doc. 381. However, as counsel's advice was given to Petitioner in connection with his presentence interview, it cannot form the basis of an actionable ineffective assistance of counsel claim.

C.     **Appropriateness of § 2255 Motion**

Petitioner's motion fails for an additional reason. A § 2255 motion must be brought for the purpose of amending, vacating, or attacking a sentence, not for executing or administering one. *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Petitioner's sole request is to have his PSR changed to include his history of prescription drug abuse so that he may be eligible for RDAP. Doc. 381. Petitioner is not asking the Court to amend, vacate, or attack his sentence. Thus, a § 2255 motion is

inappropriate.

Moreover, a § 2255 motion is not the appropriate vehicle to seek an amendment to Petitioner's presentence report when his sole aim is to gain admission into RDAP, which is an aspect of a sentence's execution. *See Fernandez v. United States*, CV. 0700395 SOM/LKE, 2007 WL 2247794 (D. Haw. Aug. 2, 2007). A petitioner seeking to challenge the manner, location or condition of a sentence's execution should bring a motion pursuant to § 2241 in the custodial court. *Hernandez*, 204 F.3d at 864. As Petitioner previously has been informed, this Court can only entertain a motion to correct a presentence report if that motion was filed before the imposition of his sentence. Doc. 378 at 1 (citing *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988)).

**D.      Certificate of Appealability**

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This Court further finds that reasonable jurists would not find this Court's assessment of Petitioner's claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Accordingly, this Court declines to issue a certificate of appealability.

## IV. CONCLUSION AND ORDER

For the reason discussed above, this Court:

1.      DENIES Petitioner's § 2255 motion to vacate, set aside, or correct sentence (Doc. 381) and

2.      DECLINES to issue a certificate of appealability.

**SO ORDERED**
**Dated: September 18, 2014**

                              **/s/ Lawrence J. O'Neill**
                              **United States District Judge**