IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ABDUL MUNIEM MOHAMAD JAWAD,<br><br>    Defendant-Debtor. | Case No. 1:06-CR-00365-JLT-BAM<br><br>**ORDER GRANTING UNITED STATES OF AMERICA'S MOTION FOR ORDER DEEMING SERVICE EFFECTIVE**<br><br>**ORDER TO SHOW CAUSE AS TO U.S. AUTO LEASING'S NONCOMPLIANCE WITH SUBPOENA**<br><br>Hearing:  December 18, 2025<br>Dept:      8 (BAM)<br>Time:      10:00 a.m. |

On September 26, 2025, the United States of America ("United States") filed a motion for an order deeming service of its Rule 45 subpoena for employment records on U.S. Auto Leasing, Inc. ("U.S. Auto Leasing") to be effective and compelling production of the requested documents or, alternatively, authorizing service by alternate means.  (Doc. 415.)  That same day, the United States served the motion on U.S. Auto Leasing, Inc.  (Doc. 416.)  The Court moved the hearing date from November 7, 2025, to November 6, 2025, and the United States served a copy of the Court's minute order on the company on September 29, 2025.  (Doc. 417, 418.)  U.S. Auto Leasing has not opposed or responded to the United States' motion.

**Service on U.S. Auto Leasing**

In October 2013, defendant-debtor Abdul Muniem Mohamed Jawad was convicted of bank fraud and among other things, was sentenced to a period of incarceration and a restitution judgment of $601,075.95.  (Doc. 334.)  As of September 26, 2025, Mr. Jawad still owes $545,264.70 of restitution.  (Nelson Decl. ¶ 6).

Based on Mr. Jawad's representation that he worked for U.S. Auto Leasing, and in an attempt to obtain his employment records, the United States served a subpoena on U.S. Auto Leasing's then-agent for service of process, Edward Paul Hiskail, on February 7, 2024, which Mr. Hiskail confirmed receiving the next day. (Nelson Decl. ¶ 9). Thereafter, the United States contacted U.S. Auto Leasing's registered owner, Nofan Jamaleddin, on March 15, 2024, and sent him a copy of the subpoena via email at his request.  (Nelson Decl. ¶ 11).  After getting no response to the subpoena, the United States issued and mailed a new copy of the subpoena to U.S. Auto Leasing's updated registered agent, Nasser Jawad Jamaleddin, and to the company's business address in Modesto, California. (Nelson Decl. ¶ 14). The United States attempted further direct communications with U.S. Auto Leasing, Inc, via letter, and by registered mail to the agent, voicemail, and other telephone calls.  In June 2025, the United States retained a process server, who attempted personal service on U.S. Auto Leasing's registered agent seven separate times—all unsuccessful.  (Nelson Decl. ¶ 23).

The United States requests that the Court deem service of the subpoena effective, asserting that U.S. Auto Leasing has had actual notice of the subpoena since March 2024, when the subpoena was sent to the company's owner by email and discussed directly with him by phone.

The Court, having reviewed the United States' motion, supporting declaration, and exhibits, and good cause appearing, the Court finds that the United States' service on U.S. Auto Leasing's registered agents, plus multiple written communications to U.S. Auto Leasing, communication with U.S. Auto Leasing's owner and its representatives providing actual notice of the subpoena, and later apparent attempts to evade service, are sufficient to constitute effective service.

**Rule 45 Subpoena**

The United States may enforce a judgment imposing a fine, including restitution, in accordance with the practices and procedures for enforcing a civil judgment under the Federal Debt Collection Procedures Act ("FDCPA"). *United States v. Mays*, 430 F.3d 963, 965, n.2 (9th Cir. 2005).  The FDCPA sets forth the "exclusive civil procedures for the United States ... to recover a judgment on... an amount that is owing to the United States on account of ... restitution." *Id.* at 965; *United States v. Seals*, No. 1:25-mc-00006-BAM, 2025 WL 1218218, at *2 (E.D. Cal. Apr. 28, 2025).  A defendant's criminal

monetary penalties, including the assessment, fine, and restitution, all constitute "debt" as defined by the FDCPA. 28 U.S.C. § 3002(3)(B).

The issuance of a civil subpoena under Federal Rule of Civil Procedure 45 by the United States is an appropriate means of seeking information related to the enforcement of the restitution order. *United States v. Thomas*, 165 F. Supp. 3d 992, 995 (D. Colo. 2015). Under the FDCPA, the United States may have discovery regarding the financial condition of the debtor, here the defendant, in the same manner in which discovery is authorized under the Federal Rules of Civil Procedure in an action on a claim for a debt. 28 U.S.C. § 3015. The United States may enforce the restitution order in accordance with the practices and procedures for collecting a civil judgment. *See* 18 U.S.C. § 3613(a), (c). Thus, the issuance of a civil subpoena under Rule 45 of the Federal Rules of Civil Procedure is an appropriate means to seek information related to the enforcement of the restitution order. *United States v. Sikutwa*, No. 4:12-cr-00056-BLW, 2016 WL 6900785, at *2 (D. Idaho, 2016).

The applicable procedure for seeking compliance with a Rule 45 subpoena is an order to show cause regarding contempt. *Ceremello v. City of Dixon*, No. CIV S–04–1423 DLF EFB, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, is not the applicable procedure to address [a nonparty's] alleged refusal to obey a duly-issued subpoena."); *see also Rodriquez v. County of Stanislaus*, No. 1:08–cv–00856–OWW–GSA, 2010 WL 3733843, at *6 (E.D. Cal. Sept. 16, 2010); *Salinas v. Procter & Gamble Co.*, No. CV 19-6794-RGK (ASX), 2020 WL 8455192, at *1 (C.D. Cal. Oct. 23, 2020) (denying motion to compel compliance with Rule 45 subpoena because the relief sought was unavailable in the Rule 45 context, declining to construe motion to compel as ex parte application for order to show cause re: contempt); *Mondragon v. R T Farm Lab., Inc.*, No. 1:22-cv-01259-JLT-BAM, 2024 WL 3413246, at *1 (E.D. Cal. July 15, 2024) (stating that district courts have held that for defaulted defendants and nonparties, the only sanction available when a nonparty does not obey a subpoena is contempt, and a motion to compel is not the appropriate mechanism); *Garces v. Gamboa*, No. 1:21-cv-00392-JLT-EPG (PC), 2024 WL 4931172, at *2 (E.D. Cal. Dec. 2, 2024).

Pursuant to Federal Rule of Civil Procedure 45(g), a court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed.

1  R. Civ. P. 45(g).  Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the
2  Court. *Mondragon*, 2024 WL 3413246, at *2.

3  **Discussion**

4  U.S. Auto Leasing has not complied with the Rule 45 subpoena and the United States seeks to
5  enforce the subpoena. The United States moves for an order compelling U.S. Auto Leasing's
6  compliance with the subpoena and ordering the company to produce the requested employment
7  documents.  (Doc. 415 at 4).  As stated, a motion to compel is not the appropriate mechanism for
8  enforcement of United States' subpoena.  The appropriate method for seeking enforcement of the United
9  States' subpoena is an application for an order to show cause why a contempt citation should not issue.
10 The Court will construe the United States' motion to compel as a request for an order to show cause why
11 a contempt citation should not issue.  *Mondragon*, 2024 WL 3413246, at *3.

12 The United States has shown that U.S. Auto Leasing violated a specific and definite order of the
13 Court.  The subpoena, which is considered an order of the Court, requested production of documents
14 relating to Defendant-Debtor Abdul Muniem Mohamad Jawad's employment/financial/retirement
15 accounts with U.S. Auto Leasing.  (Doc. 415-1 at 9 of 45, Ex. A to Nelson Decl., Subpoena).  As the
16 United States has met its burden to show that U.S. Auto Leasing failed to respond to a specific and
17 definite order of the Court, U.S. Auto Leasing shall be ordered to show cause why a contempt citation
18 should not be issued. *See Morgutia-Johnson v. City of Fresno*, No. 1:14-cv-00127-LJO-SKO, 2015 WL
19 1021123, at *3 (E.D. Cal. Mar. 9, 2015) ("As Defendants have established that Ms. Cole violated a
20 specific and definite order of the court by failing to appear for her deposition on March 3, 2015,
21 pursuant to a duly issued subpoena, Defendants' application for an order to show cause is GRANTED").

22 **Conclusion And Order**

23 The Court construes the United States' motion to compel as a request for an order to show cause
24 why a contempt citation should not issue and finds that the United States has met its burden to show that
25 U.S. Auto Leasing violated a specific and definite order of the Court.

26 Accordingly:

27 1. The Court deems the service of the Rule 45 subpoena on U.S. Auto Leasing, Inc.
28 effective.

ORDER MOTION TO COMPEL                              4

2. United States' Motion to Compel Compliance with Subpoena (Doc. 415) is construed as a request for an order to show cause why a contempt citation should not issue as to U.S. Auto Leasing, Inc.

3. United States' request for an order to show cause why a contempt citation should not issue as to U.S. Auto Leasing is GRANTED;

4. **Third party U.S. Auto Leasing is ORDERED** to appear before the undersigned on **December 18, 2025 at 10:00 AM in Courtroom 8 (BAM), United States District Court, 2500 Tulare Street, Fresno, CA** to SHOW CAUSE why it should not be held in contempt for failure to comply with United States' subpoena. In addition to its appearance, third party U.S. Auto Leasing may also file a written response by December 4, 2025 why it should not be held in contempt for failure to comply with United States' subpoena.

4. If United States and U.S. Auto Leasing, Inc. inform the Court that U.S. Auto Leasing, Inc. has complied with United States' subpoena, then the Order to Show Cause will be discharged, and the hearing will be vacated;

5. Failure to comply with this Order to Show Cause may subject U.S. Auto Leasing, Inc. to contempt sanctions, including <u>daily</u> monetary sanctions for each day of noncompliance; and

6. United States is DIRECTED to effect service of this Order on U.S. Auto Leasing, Inc. at each address previously attempted to be served or served, as identified in the Declaration of Grace Nelson (Doc. 415-1), no later than **November 14, 2025**, and to file proof of service of this Order no later than **November 20, 2025**.

IT IS SO ORDERED.

Dated:   **November 4, 2025**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE